UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK MORALES,<br><br>    Plaintiff,<br><br>v.<br><br>JASON SCHULTZ,<br><br>    Defendant. | Case No. 24-cv-04438-JSC<br><br>**ORDER DENYING MOTION FOR STAY; OF DISMISSAL**<br><br>Re: Dkt. No. 11 |

**INTRODUCTION**

Petitioner, a prisoner of the State of California proceeding without representation by an attorney, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He claims his "petition for resentencing satisfies the prima facie requirements" of California Penal Code Sections 1170.96 and 1172.6. (ECF No. 1 at 5-6.) Because this claim does not allege a violation of federal law, the petition was dismissed for failure to state a claim capable of judicial determination, and Petitioner was given until Aust 30, 2024, to amend his petition. (ECF No. 4 at 2-3 (citing cases).) The deadline to amend was extended three times, to January 18, 2025 (ECF Nos. 6, 8, 10), but Petitioner did not amend his petition. Instead, Petitioner filed a motion to stay this matter "pending the exhaustion of unexhausted federal claims." (ECF No. 11.) For the reasons explained below, the motion to stay is DENIED, and the petition is DISMISSED without prejudice.

**DISCUSSION**

The order dismissing the petition with leave to amend cautioned Petitioner that his failure to file an amended petition by the deadline "may result in dismissal of this action . . . without prejudice to Petitioner filing a new habeas petition after any claims based upon federal law are exhausted." (*Id.* at 3.) The same order further cautioned that if Petitioner were to amend his

petition by asserting that the denial of his re-sentencing petition violated federal law, he must exhaust such a claim—by presenting it to the California Supreme Court—before he may obtain federal habeas relief. (*Id.* at 2-3.) The most recent order extending the deadline to amend advised Petitioner as follows:

> Petitioner will be granted a final extension of time to and including January 18, 2025, to file an amended complaint in accordance with the order of dismissal with leave to amend. If his claim is not exhausted by that time, Petitioner must at the same time file a motion to stay in which he makes the showing required by *Rhines* [*v. Weber*, 544 U.S. 269 (2005)]. Failure to do so may result in the dismissal of this case without prejudice.[1]

(ECF No. 10 at 2:10-14.)[2]

Despite the order directing him to file an amended petition *and*, if necessary, a motion for a stay, as noted above, he *only* filed a motion to stay and did not file an amended petition. (ECF No. 11.) Petitioner has not filed an amended petition by the "final" deadline, as he was instructed to do (ECF No. 10 at 2), nor has he shown cause for this failure or requested an additional extension of time to amend. Accordingly, as the Court warned on multiple occasions (ECF Nos. 4 at 3; 6 at 1; 8 at 1; 10 at 2), this case will be dismissed without prejudice to refiling when his claims, if any, under federal law have been exhausted.

A stay is not appropriate because there are no pending claims capable of judicial determination insofar as Petitioner has not amended his petition to assert a violation of federal law. Petitioner has not, in any event, shown he meets any of the requirements for staying a federal habeas petition pending exhaustion of claims in the state courts. A district court has the discretion under certain circumstances to stay petitions containing unexhausted claims. In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court held a district court may stay a petition to allow the petitioner to exhaust unexhausted claims in state court if the petitioner shows (1) "good cause" for his failure to exhaust his claims in state court prior to bringing them in federal court; (2) his unexhausted claims are not "plainly meritless"; and (3) he has not engaged in "intentionally

---

[1] The order explained the showing required for a stay under *Rhines*. (ECF No. 10 at 1-2.)
[2] The orders granting extensions of time also cautioned Petitioner the petition may be dismissed if he did not amend by the deadline. (ECF Nos. 6, 8.)

2

1 dilatory litigation tactics." *Id.* at 278 (addressing "mixed" petitions containing both exhausted and

2 unexhausted claims); *see also Mena v. Long*, 813 F.3d 907, 909 (9th Cir. 2016) (holding district

3 court has discretion to stay a petition containing only unexhausted claims under the circumstances

4 set forth in *Rhines*). The motion for a stay does not identify the claim(s) he wishes to exhaust (let

5 alone show they are not "plainly meritless"), explain his failure to exhaust such claim(s) in state

6 court prior to bringing it in this Court, or show he has not been "dilatory" in pursuing his claim(s).

7 *See Rhines*, 526 U.S. at 278. As a result, he has not satisfied the requirements for a stay pending

8 exhaustion of federal habeas claims.

## CONCLUSION

For the reasons explained above, the motion for a stay is DENIED. The petition is DISMISSED without prejudice to filing a new petition containing exhausted claim(s) for the violation of federal law. A certificate of appealability will not issue because the Court does not conclude "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

The clerk shall enter judgment and close the file.

This order resolves docket number 11.

**IT IS SO ORDERED.**

Dated:

JACQUELINE SCOTT CORLEY
United States District Judge